UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                               Case No. 8:24-cr-252-SDM-SPF

VIRAJ ANILKUMAR PATEL

**UNITED STATES' MOTION
FOR AN ORDER OF FORFEITURE**

The United States moves this Court, pursuant to 18 U.S.C. § 982(a)(1) and Fed. R. Crim. P. 32.2(b)(2), to enter an order of forfeiture against the defendant in the amount of $145,000, representing the amount of money involved in the money laundering conspiracy that the defendant kept as profit as charged in Count One of the Indictment. In support thereof, the United States submits the following.

**MEMORANDUM OF LAW**

**I.   Statement of Facts**

    **A.   Allegations Against the Defendant**

    1.   The defendant was charged in an Indictment with a money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). Doc. 12.

    2.   The Indictment contained forfeiture allegations putting the defendant on notice that, pursuant to 18 U.S.C. § 982(a)(1), the United States would seek to forfeit any property constituting, or derived from proceeds the defendant obtained, directly or indirectly, as a result of such violation, including, but not limited to, an order of forfeiture. *Id.* at 4-5.

### B. Findings of Guilt and Admissions Related to Forfeiture

3. The defendant pleaded guilty to Count One of the Indictment. Docs. 23 and 27. The Court accepted the defendant's plea and adjudicated him guilty. Doc. 28.

4. The defendant admitted in his Plea Agreement that he participated in a money laundering conspiracy, in violation 18 U.S.C. § 1956(h). He further admitted that he personally laundered at least $145,000, which is less than the amount involved in the money laundering conspiracy charged in Count One of the Indictment. Doc. 21 at 21-25.

5. Pursuant to 18 U.S.C. § 982(a)(1), the defendant admitted and agreed that the United States was entitled to an order of forfeiture in the amount of $145,000, representing the amount of money the defendant personally laundered. Doc. 21 at 9. Moreover, the defendant agreed that the order of forfeiture should be final upon entry. *Id.* at 11.

## II. Applicable Law

### A. Forfeiture Statute

In sentencing a person convicted of conspiracy to commit money laundering (in violation of 18 U.S.C. § 1956(h)), the Court's authority to enter an order of forfeiture against the defendant and to forfeit specific assets is found in 18 U.S.C. § 982(a)(1) and Federal Rule of Criminal Procedure 32.2. The United States may

criminally forfeit, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense and any property traceable to such property.

### B. Court's Determination of Forfeiture

Pursuant to Rule 32.2(b)(2), because the United States could not locate $145,000, the defendant admitted he laundered, the United States seeks an order of forfeiture against the defendant in that amount. Indeed, for cases in which a defendant no longer has the actual dollars or property traceable to proceeds in his/her possession, or the government cannot locate those assets, the obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States. *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008).

Rule 32.2(b)(1) provides that the court must determine the amount of money that the defendant will be ordered to pay. The Court's determination may be based on evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). As the defendant has agreed, he personally laundered $145,000. If the Court finds that the defendant laundered at least $145,000 and that the defendant has dissipated those proceeds, then it is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

### III. Conclusion

For the reasons stated above, the United States requests that the Court, pursuant to 18 U.S.C. § 982(a)(1) and Fed. R. Crim. P. 32.2(b)(2), enter an Order of

Forfeiture against the defendant in the amount of $145,000.

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

In accordance with Rule 32.2(b)(4) and the defendant's plea agreement (Doc. 21 at 11), the United States asks that the order of forfeiture be made final as to the defendant at the time it is entered.

Finally, the United States further requests that the Court retain jurisdiction to order any substitute assets forfeited to the United States up to the amount of the order of forfeiture.

    Respectfully Submitted,

    ROGER B. HANDBERG
    United States Attorney

By: *s/James A. Muench*
    JAMES A. MUENCH
    Assistant United States Attorney
    Florida Bar Number 472867
    400 North Tampa Street, Suite 3200
    Tampa, Florida 33602
    (813) 274-6000 – telephone
    E-mail: james.muench2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

<u>*s/James A. Muench*</u>
JAMES A. MUENCH
Assistant United States Attorney