UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                        CASE NO. 8:24-cr-252-SDM-SPF

VIRAJ ANILKUMAR PATEL

### UNITED STATES' SENTENCING MEMORANDUM

The Court should sentence the defendant, Viraj Anilkumar Patel, to 57 months' imprisonment, the low end of his applicable guideline range, and overrule the defendant's objections to the Probation Office's calculation of the Sentencing Guidelines.

### Factual Background

As detailed in the Presentence Report ("PSR") (Doc. 33), the defendant was a money mule in a wire-fraud and money-laundering conspiracy run out of India. The defendant's role in the conspiracy was to pick up fraud proceeds from victims of a government-imposter scheme and deliver the proceeds to his coconspirators. The defendant personally laundered at least $145,000 in fraud proceeds and attempted to launder at least $50,000 more in fraud proceeds. The total intended loss of $266,000 reflects the total loss attributable to victims from which the defendant retrieved fraud proceeds.

### Defendant's Objection to the PSR – Loss Amount

Defendant objected to the calculation of loss as "intended loss" rather than "actual loss." Defendant believes that the loss amount should be limited to the

1

$216,000 in actual loss. This argument is foreclosed by the Guidelines and Eleventh Circuit precedent, and thus the Court should overrule the defendant's objection.

The commentary to USSG §2B1.1, Application Note 3, states that "loss is the greater of actual loss or intended loss." This commentary is necessary because the term "loss" as used in section 2B1.1 otherwise is unclear and has multiple meanings. Accordingly, the Court must use the commentary to interpret the meaning of "loss."

In *United States v. Moss*, 34 F.4th 1176, 1190 (11th Cir. 2022), the Eleventh Circuit explicitly held that the commentary's interpretation of loss to include "intended loss" is "'binding on the courts' because it does not 'contradict the plain meaning of the text of the Guidelines.'" Thus, the defendant's argument that the PSR's reliance on intended loss is improper is precluded by *Moss*.

*United States v. Dupree*, 54 F.4th 1269 (11th Cir. 2023), does not alter the Court's precedent in *Moss*. Because the Court must refer to the commentary to explain the meaning of "loss," reliance on Application Note 3 is proper.

**Defendant's Objection to the PSR – Substantial Loss Outside the United States**

The Probation Office appropriately applied a two-level enhancement under USSG §2B1.1(b)(10)(B) because "a substantial part of the fraud scheme was committed from outside the United States," and the Court should overrule the defendant's objection to the enhancement.

This enhancement is proper on three different bases: First, the scheme was organized out of India. Second, as detailed at PSR ¶ 14, calls were made to victims "usually from India." Third, the parties stipulate and agree that an individual in

2

India directed and supervised the defendant's actions in serving as a money mule.

In a similar context, the Eleventh Circuit upheld application of the enhancement where coconspirators outside the United States made calls to victims and coordinated the defendant's actions. *See United States v. Williams*, No. 20-10074, 838 Fed. Appx. 493 (Dec. 31, 2020) (unpublished).

## Defendant's Objection to the PSR – Role Reduction

The Probation Office appropriately concluded that no role reduction was appropriate in calculating the defendant's sentencing guidelines.

Defendant objected to not having received a minor or minimal participant role reduction in the calculation of his Guideline sentence. The United States opposes a role reduction for the defendant because he cannot meet his burden of showing he is substantially less culpable than the average participant in the relevant conduct.

Under the U.S.S.G., a defendant may receive a two-level reduction if he was a minor participant in the offense of conviction. USSG §3B1.2(b). The adjustment applies to defendants who are "***substantially less culpable than the average participant*** in the criminal activity." *Id.* §3B1.2 cmt. n.3(A) (emphasis added). In particular, the two-level "minor role" reduction applies to a defendant "who is less culpable than most other participants in the criminal activity." *Id.* § 3B1.2 cmt. n.5. A defendant may receive a four-level reduction is he was a "minimal participant." USSG §3B1.2(b). The adjustment applies to defendants who are "***plainly among the least***

3

*culpable* of those involved in the conduct of a group." *Id.* §3B1.2 cmt. n.3(A) (emphasis added).

The proponent of the downward adjustment bears the burden of establishing his entitlement to such adjustment by a preponderance of the evidence. *United States v. DeVaron,* 175 F.3d 930, 939 (11th Cir. 1999).

Determining whether a defendant merits a mitigating role reduction is a heavily fact-dependent, totality of the circumstances analysis. *Id.* §3B1.2 cmt. n.3(C) It requires consideration of various factors, including:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
> (v) the degree to which the defendant stood to benefit from the criminal activity.

*Id.*

In the Eleventh Circuit, determining whether a defendant merits a mitigating role reduction involves a two-pronged analysis. First, the court must evaluate the defendant's role in the relevant conduct for which he is being held accountable at sentencing. *De Varon*, 175 F.3d at 940. Second, where the record evidence is sufficient, the district court may (but is not required to) also compare the defendant's conduct, in the criminal scheme attributed to him, to that of other participants. *Id.* at 944, *see also United States v. Nunez-Gonzales,* 223 F. App'x 924, 926 (11th Cir. 2007)

("Under the *De Varon* analysis, measuring [the defendant's] role against the conduct charged [is] the crucial step, the one that the court "must" take, not, as in the second prong, one that it "may" take).

Regarding the first prong in the *De Varon* analysis, the Eleventh Circuit has explained that a mitigating role reduction for a defendant convicted of conspiracy "only makes sense analytically if the defendant can establish that his role was minor as compared to the relevant conduct ***attributed to [him]***." *De Varon*, 175 F.3d at 941 (emphasis in original). Here, the defendant's role was not minor as compared to the relevant conduct attributed to him. The defendant was a money mule in the money-laundering operation. He personally laundered at least $145,00 in fraud proceeds and attempted to launder at least $50,000 more for a total of $195,000 in loss. The total intended loss of at least $266,000 reflects only the loss attributable to victims from whom the defendant retrieved fraud proceeds. Said otherwise, he is personally responsible for 73% of the total intended loss and victimized 100% of the total victims of the conspiracy.

Concerning the second prong of the *De Varon* analysis, the Eleventh Circuit has emphasized that "a defendant is not automatically entitled to a minor role adjustment merely because [h]e was somewhat less culpable than the other discernable participants." *De Varon*, 175 F.3d at 944. Instead, "the district court must determine that the defendant was less culpable than ***most other participants*** in [his] relevant conduct." *Id.* (emphasis in original). The defendant cannot meet this burden either. Indeed, the defendant was actually ***more culpable*** than most other participants

5

in the relevant conduct. Here, there was an organizer or leader, but most of the other participants were money mules and the defendant's role was comparable to those participants.

## CONCLUSION

For the foregoing reasons, the Court should sentence Patel to 57 months' imprisonment, the low end of the applicable guidelines, and overrule defendant's objections to the Probation Office's calculation of the Guidelines.

        Respectfully submitted,

        ROGER HANDBERG
        United States Attorney

By:   */s/ Jennifer L. Peresie*
      Jennifer L. Peresie
      Assistant United States Attorney
      United States Attorney No. 120
      400 N. Tampa St., Ste. 3200
      Tampa, FL 33602-4798
      Telephone: (813) 274-6000
      Facsimile: (813) 274-6358
      E-mail: Jennifer.Peresie@usdoj.gov

U.S. v. VIRAJ ANILKUMAR PATEL     Case No. 8:24-cr-252-SDM-SPF

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the counsel on record.

*/s/ Jennifer L. Peresie*
Jennifer L. Peresie
Assistant United States Attorney
United States Attorney No. 120
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Jennifer.Peresie@usdoj.gov